IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


ROSE M. BELL                                                    PLAINTIFF


        v.                          CIVIL NO. 12-3084


CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                 DEFENDANT


## MEMORANDUM OPINION

        Plaintiff, Rose M. Bell, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration (Commissioner)

denying her claims for a period of disability and disability insurance benefits (DIB) benefits

under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court

must determine whether there is substantial evidence in the administrative record to support the

Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.      Procedural Background**:

        Plaintiff protectively filed her current applications for DIB and SSI on November 17,

2008, and June 15, 2010, respectively, alleging an inability to work since August 15, 2005, due

to hearing loss.  (Tr. 130, 133, 180).  For DIB purposes, Plaintiff maintained insured status

through December 31, 2005.  (Tr. 11, 176). An administrative hearing was held on May 26,

2010, at which Plaintiff appeared with counsel and testified. (Tr. 25-76).

_____

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated April 4, 2011, the ALJ found Plaintiff was not disabled prior to December 31, 2005, but that Plaintiff became disabled on June 15, 2010, and remained disabled through the date of the decision. (Tr.11). The ALJ found that since the alleged onset date of August 15, 2005, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). Specifically, the ALJ found Plaintiff had the following severe impairments: bilateral hearing loss. However, after reviewing all of the evidence presented, he determined that since the alleged onset date, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found that, as of and prior to December 31, 2005, Plaintiff retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels except Plaintiff could not perform work that required excellent hearing. (Tr. 15). The ALJ found that prior to December 31, 2005, Plaintiff was able to perform her past relevant work as an inspector/packer. (Tr. 18).

The ALJ found that since Plaintiff's SSI application on June 15, 2010, Plaintiff had the following severe impairments: severe to profound bilateral hearing loss, a mood disorder, and an anxiety disorder. (Tr. 13). The ALJ found that since June 15, 2010, Plaintiff retained the RFC to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: she can perform no work requiring excellent hearing and is unable to meet the basic mental demands of competitive, remunerative unskilled work, i.e. she is unable to respond to supervision, co-workers and usual work situations or deal with changes in a routine work setting on a sustained basis.

(Tr. 17). The ALJ found that since June 15, 2010, Plaintiff was unable to perform her past

AO72A
(Rev. 8/82)

relevant work or any work in the national economy.  (Tr. 19).  The ALJ found that as of June 15,

2010, Plaintiff was disabled and continued to be disabled through the date of the decision.  (Tr.

19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

denied that request on May 25, 2012.  (Tr. 1-6).  Subsequently, Plaintiff filed this action.  (Doc.

1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 5).  Both

parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 9,10).

The Court has reviewed the entire transcript.  The complete set of facts and arguments

are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d

964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the Court would have

decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other

words, if after reviewing the record it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ

must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. § 404.1520.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

**III.   Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ erred in failing to properly develop the record; and 2) the ALJ erred in determining that Plaintiff's mental impairment was

AO72A
(Rev. 8/82)

not severe prior to the expiration of Plaintiff's insured status.

### A.    Insured Status:

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 2005. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of August 15, 2005, her alleged onset date of disability, through December 31, 2005, the last date she was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB she must prove that, on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir.2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

### B.    Fully and Fairly Develop the Record:

An ALJ is required to develop the record fully and fairly. See Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000) (ALJ must order consultative examination only when it is necessary for an informed decision). After reviewing the administrative record, it is clear that the record before the ALJ contained the evidence required to make a full and informed decision regarding

-5-

Plaintiff's capabilities during the relevant time period.  See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

### C.    Plaintiff's Impairments:

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C .F.R. § 404.1520(c).  To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The Step Two requirement is only a threshold test so the claimant's burden is minimal and does not require a showing that the impairment is disabling in nature. See Brown v. Yuckert, 482 U.S. 137, 153-54 (1987).   The claimant, however, has the burden of proof of showing he suffers from a medically-severe impairment at Step Two.  See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

Plaintiff argues that the ALJ improperly found Plaintiff's alleged mood disorder, to be a non-severe impairment prior to the expiration of her insured status.  While the ALJ did not find this alleged impairment to be severe prior to her date last insured, the ALJ  discussed Plaintiff's alleged impairment in the decision, and clearly stated that he considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. (Tr. 13).  As pointed out by the ALJ, a review of the record revealed that on December 28, 2005, Plaintiff reported experiencing anxiety/depression which she associated with the loss of family members and her divorce. (Tr. 268).  Plaintiff was started on Zoloft.  When Plaintiff returned for follow-up visits for her intermittent knee pain on June 26, 2006, and July 11, 2006, Plaintiff made no mention

of her anxiety/depression.  (Tr. 270-271).  While the ALJ found that Plaintiff later developed a severe mental impairment, the Court finds substantial evidence to support the ALJ's determination that Plaintiff did not have a severe mental impairment prior to the expiration of her insured status.

**D.      The ALJ's RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel,  245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In determining that Plaintiff maintained the RFC to perform a full range of work at all exertional levels with the exception that Plaintiff could not perform work that required excellent hearing, the ALJ considered the medical assessments of the non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records for the relevant time period.  Plaintiff's capacity to perform work, at all exertional levels with a hearing limitation, is

-7-

also supported by the fact that the medical evidence does not indicate that Plaintiff's examining physicians placed restrictions on her activities that would preclude performing the RFC determined for the relevant time period.  See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability).  Accordingly, the Court finds there is substantial evidence of record to support the ALJ's RFC findings.

### E.  Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.  Based on the record as a whole, the Court finds there is substantial evidence to support the ALJ's credibility findings.

### F.  Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth

-8-

the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).   Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that during the relevant time period Plaintiff's impairments did not preclude her from performing her past relevant work as an inspector/packer.  Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.**    **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.   The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 22nd day of October, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)